DOUCET, Judge.
This is an appeal by the Louisiana Motor Vehicle Commission from a district court decision reversing the Commission’s imposition of a civil penalty of $500 on Billy Navarre Chevrolet, Inc. The Commission imposed the penalty after finding that Navarre was in violation of La.R.S. 32:1254 N(3)(c). This law provides:
N. It shall be unlawful and constitute a misdemeanor to violate the following:
[[Image here]]
(3) For a motor vehicle dealer, used motor vehicle dealer, or a motor vehicle salesman/agent:
[[Image here]]
(c) To resort to or use any false or misleading advertisement in connection with his business as such motor vehicle dealer or motor vehicle salesman/ agent....
These proceedings formally designate Billy Navarre Chevrolet, Inc., a corporation, as the defendant. However, throughout the proceedings, the conduct of Billy Navarre individually was the target of the accusation. Presumably, the Commission employed this procedure because of the definition of “dealer-operator” in La.R.S. 32:1252(3), which states, “ ‘Dealer-operator’ shall mean the individual (natural person) designated as the operator of a motor vehicle dealership.” The Commission made a finding of fact that Navarre had knowingly permitted a false and misleading advertisement to be published in the Lake Charles American Press. The advertisement, which ran for one day before being corrected, stated that four year loans were available at an interest rate of 8.5%, when in fact that interest rate was available only for two year financing.
Navarre appealed the decision of the Commission, in accordance with the appellate procedure outlined in La.R.S. 32:1256(E)(1). In his appeal to the district court, Navarre conceded that the ad was incorrect, but alleged that the mistake was made by the Lake Charles American Press, and not by him, and that he should not have been found guilty of the error and assessed a penalty.
The responsibility for the error in the advertisement was the main issue in the district court when the case was tried de novo. La.R.S. 32:1256(E)(2) requires that appeals from decisions of the Louisiana Motor Vehicles Commission shall be tried de novo.
The district court heard four witnesses, one for the Commission and three for Navarre. Included among Navarre’s witnesses were two employees of the Lake Charles American Press. The newspaper witnesses accepted the entire blame for the mistake. After hearing the testimony, the trial court found that Navarre had not violated the cited law because the error was not his *225 fault. The trial judge stated in his oral reasons:
“I know of no area of the law where one is penalized for something for which they are not responsible, and in this instance the Lake Charles American Press takes responsibility' — full responsibility for having committed an error for which the original defendant, Mr. Navarre, has been prosecuted. The court simply cannot assess a penalty against him for something he didn’t do, that the evidence shows.”
We affirm this finding of fact. It is well established law in this state that decisions of trial courts on questions of pure fact carry great weight on appeal. This is especially so when the decision is influenced by credibility determinations. The trial judge construed the above mentioned statutory language as requiring some measure of fault on the part of the car dealer. We agree with the trial judge on his finding of no fault on the part of Navarre on the occasion of the running of this advertisement. In the absence of clear error, which we do not find here, we cannot change this decision.
The Commission raises one assignment of error of law concerning some proffered evidence. The Commission sought to introduce an administrative history of warning against Navarre for other occasions of claimed violation of this prohibition. The trial judge correctly sustained the objection to this evidence. The record is clear that the sole purpose for introducing in evidence the alleged earlier warnings was to prove that Navarre was guilty of the present alleged offense. Other wrongful acts are not admissible to prove the character of a person (Navarre individually) in order to show that he acted in conformity therewith. La.C.E. 404(B).
For these reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to appellant.
AFFIRMED.