SCHOTT, Chief Judge.
This is an action by American Suzuki Motor Corporation (Suzuki) for judicial review of an administrative decision of the Louisiana Motor Vehicle Commission. The commission found Suzuki to be in violation of LSA-R.S. 32:1257 by failing to pay certain amounts to a dealer, Bill Watson Suzuki, Inc. (Watson), which terminated its dealership agreement with Suzuki. On appeal by Suzuki, the Civil District Court affirmed the commission’s judgment and Suzuki has appealed to this court raising constitutional issues and claiming that the commission misinterpreted and misapplied the statute under the facts of the case.
In this court Suzuki has filed a motion to strike certain documents from the appellate record on the ground that they were improperly and illegally filed in the district court. In support of this motion Suzuki refers to R.S. 49:964(F) which provides that under the State Administrative Procedure Act judicial review of an agency decision shall be confined to the record. In considering this argument, we note that the key document Suzuki seeks to strike, the Interim Limited Product Dealer Agreement, was introduced in evidence before the commission and did not find its way into the record for the first time in the district court. In any event, however, Suzuki’s argument in support of the motion is without merit because R.S. 49:964(F) does not regulate judicial review in this case. Since the statutes establishing and regulating the commission, R.S. 32:1251 et seq., contain specific provisions for judicial review, R.S. 32:1256(E), the general law embodied in the Administrative Procedure Act, of which R.S. 49:964(F) is a part, does not apply.
We have paused to consider whether R.S. 32:1256 applies to the particular case before us because that section, seems to be primarily concerned with the denial, revocation, suspension and expiration of a license following up on §§ 1254 and 1255. How *755 ever § 1256(C)(3) speaks of a civil penalty-imposed for the violation of the provisions of the statute; and the judgment of the commission appealed to the district court was a finding that Suzuki was in violation of R.S. 32:1257 by failing to pay certain amounts to the terminating dealer. Consequently, the assessment against Suzuki of these amounts is in the nature of a civil penalty, appealable under R.S. 32:1256(E). Our analysis is buttressed by the fact that in considering whether to assess Suzuki for the contested charges it also considered and specifically declined to assess the additional civil penalty provided by § 1257(B).
§ 1256(E)(2) provides:
On appeal the issues shall be tried de novo, and the court shall enter such order with respect thereto as it shall deem just and equitable. The appeal shall be restricted to the issues as heard by the commission. However, nothing herein shall be construed to limit the authority of the court to grant such relief as the circumstances may require.
While there may arguably be some contradiction here between the notion of a “de novo” review and the restriction of the appeal to the issues as heard by the commission, we cannot interpret the statute to prevent the court from considering the documents filed for the first time in the district court. Accordingly, Suzuki’s motion to strike is denied.
Watson was a Suzuki dealer pursuant to the Interim Limited Product Dealer Agreement which was a part of the record before the commission. Watson voluntarily terminated its dealership triggering the provisions of § 1257 which required Suzuki to “repurchase” from Watson all new vehicles in its inventory.
According to paragraph 9.06 of the Dealer Agreement the repurchase would be at Suzuki’s “invoice price.” Suzuki was unwilling to pay Watson two items includedjn its original invoice price, the freight charge for shipping the vehicle to Watson and a charge based upon a percentage of the cost of the vehicle for an association of Suzuki dealers to advertise Suzuki products. The parties stipulated before the commission that these charges were included on each original invoice as a part of the price of the car billed to Watson. The commission and the trial court found that Suzuki owbd these amounts to Watson in connection with the repurchase of the vehicles.
Suzuki’s first specification of error in this court attacks the constitutionality of the proceedings before the commission. Suzuki contends that because the commission was composed of automobile dealers with an economic interest in the outcome of the proceedings, they were biased against Suzuki and its due process rights were violated. Suzuki also complains that the district court, though confronted with this constitutional attack, improperly declined to rule on the question.
Whether the district court ruled on the question or not is without significance on appeal since the same question is before this court; it is a question not of fact but of law, and the appellate court is not bound by decisions of the trial court in matters of law. We find no fault with the trial court for refusing to address the constitutional question raised by Suzuki because if a case can be decided without addressing the constitutionality of the statute involved, the court should do so. This was the situation before the trial court as it is before this court.
In its brief Suzuki admits there were no factual issues before the commission or the trial court. The question was the interpretation of a statute and a contract between the parties on the basis of stipulated facts. This is not a case where the administrative agency made factual determinations to which a reviewing court would defer. In such a case the argument of bias might be persuasive, but in this case the administrative agency made a legal interpretation which is in no way binding on the reviewing court. Consequently, Suzuki has suffered no constitutional impairment in this case.
Parenthetically, we note that the statutory scheme of a “de novo” judicial review protects a party like Suzuki from supposed bias on the commission because no matter *756 what the commission decides the court is empowered to make its own record and decision.
We conclude that the decisions of the commission and the district court are correct. Suzuki’s contract requires it to repurchase the vehicles at its invoice price. By stipulation the disputed amounts were listed on the invoices as part of the price. If the contract is ambiguous it must be interpreted against Suzuki which prepared it. The statute clearly contemplates that the dealer who terminates its dealership is to be paid back the same price it paid for each vehicle. Since the disputed items were part of the purchase price they must be part of the repurchase price also.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.