liKLEES, Judge.
Plaintiffs, Royal Nissan, Inc. [“Royal”] and Diamond Motors, Inc. [“Diamond”], appeal the trial court’s judgment dismissing their case upon the granting of an exception of no cause of action in favor of the Louisiana Motor Vehicle Commission, [“LMVC”] and exceptions of lack of subject matter jurisdiction and peremption in favor of defendant Price Leblanc Nissan, Inc. [“Price”]. We reverse.
On June 8, 1992, Price applied to the LMVC for a license to operate a Nissan *1126 automobile dealership in Ascension Parish. Pursuant to La.R.S. 32:1254(F)(1), Diamond and Royal were given notice of the application for a competing dealership. By letter dated June 16, 1992, Diamond and Royal objected to the issuance of a license to Price and requested a hearing. On September 9, 1992, a hearing was held before the LMVC. Following the hearing, the LMVC rendered a decision granting a license to Price, which decision was mailed to all parties on October 20, 1992.
On November 12,1992, Diamond and Royal filed a petition in district court seeking judicial review of the decision of the LMVC. The LMVC was the sole defendant named in the petition. On January 25, 1993, after the LMVC had filed exceptions of failure to state a cause of action, failure to join indispensable parties and failure to join necessary parties, plaintiffs Diamond and Royal filed an amended and supplemental petition naming Price as an additional defendant. Price responded by filing exceptions of lack of subject matter jurisdiction and peremption, claiming that the original petition was defective because the LMVC was not a proper defendant, and that the amended petition was of no effect because it was filed after the running of the thirty-day peremptive period.
The trial court heard oral arguments on the exceptions, and on May 13, 1993, rendered judgment without written reasons granting the LMVC’s exception of no cause of action and Price’s exceptions of lack of subject matter jurisdiction and peremption. Diamond and Royal now appeal the trial court’s dismissal on exceptions of their petition for judicial review.
We find that the trial court wrongly dismissed the petition. Defendants contend that the dismissal was proper because: (1) The original petition was filed against an improper Rparty, the LMVC; and (2) The amended petition does not relate back to the date of the original filing because the thirty-day period to apply for judicial review under R.S. 32:1256(E) is peremptive rather than prescriptive, and therefore the right is destroyed unless a valid petition is filed timely. This argument fails because its premise, that the LMVC is not a proper defendant, is invalid. R.S. 32:1256(E) provides for judicial review of a decision of the LMVC by the filing of a petition in civil district court and by either mailing a copy of the petition to the LMVC or by effecting service of the petition on the executive director of the LMVC. Thus, while the statute does not require that the LMVC be made a party to the proceedings, it clearly contemplates that the LMVC will be a party in certain instances.
Defendants contend that the LMVC acts as a quasi-judicial body when it presides over adversarial hearings on motor vehicle dealer license applications, and that therefore it has no interest in the outcome of the litigation or in the judicial review of its judgment. In support of this contention, defendants rely primarily on a decision from the Orleans Parish Civil District Court, Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, No. 80-3690, slip op. at 13-14 (C.D.C., Parish of Orleans, Sept. 24, 1980), wherein the trial judge expressed the opinion that the LMVC should not be “sharing the cost of waging a legal battle and taking an adversary position” in a dispute between competing automobile dealerships. Defendants ignore, however, the fact that the Louisiana Supreme Court affirmed the decision of the district court only insofar as it held that the license application of Benson & Gold should be granted, vacated the judgment in all other respects, and specifically taxed one-half the costs of the appeal to the LMVC. Benson & Gold Chevrolet v. Louisiana Motor Vehicle Commission, 403 So.2d 13, 25 (La.1981).
Obviously, the LMVC is the proper defendant (and the only possible defendant) in a case where an application for a dealership license has been denied and the applicant seeks judicial review, or where an existing dealer appeals the imposition of a penalty by the LMVC. See, e.g.: Navarre Chevrolet, Inc. v. Executive Director, Louisiana Motor Vehicle Commission, 571 So.2d 223 (La.App. 3d Cir.1990). In addition, the LMVC has also been routinely named as a defendant in cases such as the instant one, where the LMVC has decided in favor of one out of two or more competing parties. See, e.g.: American Suzuki Motor Corporation v. Louisiana *1127 Motor Vehicle Commission, 572 So.2d 753 (La.App. 4th Cir.1990); Benson & Gold Chevrolet, Inc. v. LMVC, supra; Harris Chevrolet v. Louisiana Motor Vehicle Commission, 619 So.2d 733 (La.App. 4th Cir.1993). Apparently, it was never contended in any of these cases that the LMVC was not a proper defendant.
In the instant situation, we find that the LMVC, while not an indispensable or necessary party, is a proper defendant in that the agency does have an interest in having its decision to grant or deny a license upheld. Therefore, the filing of the petition for judicial review naming the LMVC as defendant was timely. We note, however, that, contrary to the parties’ assumptions, the applicable prescriptive period is not the thirty days provided for in R.S. 32:1256(E), which is the time that an applicant or licensee has to file for judicial review; rather, it is the time period provided in the Administrative Procedure Act, R.S. 49:964(B) (-within thirty days of the mailing of notice of the agency decision or thirty days of the denial of or decision on rehearing) which applies to a petition for judicial review filed by the protestants to an LMVC decision. See Harris Chevrolet, supra, at 737.
Having found that a valid petition was filed timely, the question of whether the applicable time period is peremptive is moot. We will address, however, the question of whether the amended petition adding Price as a defendant after the thirty day period had expired was proper. Louisiana Code of Civil Procedure article 1153 states that when the action or defense asserted in the amended petition “arises out of’ the same conduct, transaction or occurrence which is the subject of the original petition, the amendment relates back to the filing of the original petition. This criterion is clearly met in the instant case. In determining whether an amendment substituting a defendant relates back to the original petition for purposes of prescription, the Louisiana Supreme Court has looked at three additional criteria besides the basic requirement of article 1153: (1) whether the new defendant has received actual notice of the action so that he will not be prejudiced in maintaining a defense; (2) whether the substituted defendant knows or should know that but for some mistake, the action would have been brought against him; and (3) whether the added defendant is not a wholly new or unrelated party to the action. Findley v. City of Baton Rouge, 570 So.2d 1168, 1170 (La.1990). In the instant situation, we find that all three of these criteria have been satisfied. The record reflects that Price had actual notice of the filing of the original petition, and Price has not disputed this fact. Secondly, as the petition was protesting the issuance of a dealership license to Price, Price should have known Lit was a proper defendant. Finally, as Price had participated in the administrative hearing which led to the petition for review, Price cannot be considered a wholly new and unrelated party. For these reasons, we hold that the amendment naming Price as an additional defendant relates back to the original petition for purposes of prescription.
Accordingly, for the reasons stated, we reverse the judgment of the trial court which maintained defendants’ exceptions and dismissed plaintiffs’ petition, and we remand the matter to the trial court for further proceedings consistent with this opinion.

REVERSED & REMANDED.